UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS PEREZ, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

v.                                                  CASE NO.: 8:12-CV-514-T-MAP

RENAISSANCE ARTS AND EDUCATION, INC,
d/b/a Manatee School for the Arts, and
DR. CHARLES W. JONES,

    Defendants.
_____/

## ORDER

This is a whistle-blower action the Secretary of Labor filed under Section 11(c) of the Occupational Safety and Health Act ("OSH Act" or the "Act") (*see* 29 U.S.C. § 660(c)(1)) against Defendant Manatee School for the Arts and its principal, Defendant Charles Jones, on behalf of a former School employee. After a four day trial, a jury, sitting in an advisory capacity under Rule 39, found for the Secretary and determined that $55,000 in back pay were due to the fired employee. The jury also assessed punitive damages in the amount of $100,000 against Dr. Jones and $20,000 against the School. I issued written findings of fact and conclusions of law following the trial, in accordance with Rule 52(a)(1)'s demands (doc. 91).

Now before me is Defendants' motion for judgment as a matter of law under Rule 50(b) or, alternatively, motion for new trial or remittitur under Rule 59(a)(1) (doc. 93). Defendants also move under Rule 52(b) for the Court to amend its findings and judgment (*Id*.). Plaintiff opposes all of this relief (doc. 101). Also before me is Defendants' motion for leave to file a reply and request for oral argument (doc. 102). For the reasons stated here, Defendants' motions

are granted in part and denied in part.

    *A.    Procedural Background*

This case presents a unique circumstance. As the parties are aware, there is no federal right to a jury trial in an OSH Act case where the plaintiff seeks the equitable remedy of back pay. *See Martin v. Sharpline Converting, Inc.*, 790 F.Supp. 252, 253-54 (D. Kan. 1992). Nonetheless, Defendants requested a jury trial and Plaintiff did not object; I empaneled an advisory jury. Defendants now bring their post-trial motion under Rules 50(b), 52(b), and 59(a). The appropriate challenge by Defendants as to the issue of their liability under the OSH Act is pursuant to Rule 52(b), as I have already issued my findings on the topic.[1]

Rule 52(b) states: "On a party's motion . . . the court may amend its findings – or make additional findings – and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." Fed. R. Civ. P. 59(b). The purpose of Rule 52(b) is to "allow the court to correct plain errors of law or fact, or, in limited situations, to allow the parties to present newly discovered evidence, but not to allow the relitigation of old issues, a rehearing on the merits, or the presentation of new theories of the case." *Hanover Ins. Co. v. Dolly Trans Freight, Inc.*, No. 6:05-cv-576-Orl-19DAB, 2007 WL 170788, at * 2 (M.D. Fla. Jan. 18, 2007). A party seeking to amend findings under Rule 52(b) must show that the trial court's findings of

---

[1] If a district court tries an action with an advisory jury, and the parties nonetheless file motions under Rule 50(b), the proper course of action for the district court is to decline to adjudicate the Rule 50(b) motions, and instead consider the arguments in the context of the court's determination of whether to adopt the advisory jury's findings." *Schwartz v. Rent-A-Wreck of Am., Inc.,* 468 F. App'x 238, 246 (4th Cir. 2012)

fact or conclusions of law are not supported by evidence in the record.² *Ice Embassy, Inc. v. City of Houston*, No. H-97-0196, 2007 WL 963983, at *2 (S.D. Tex. Mar. 29, 2007).

  B. *Defendants' Motion*

Defendants advance five reasons why the court erred in its liability finding: (1) the evidence related to the OSHA citation confused the issues and prejudiced the jury; (2) the evidence is insufficient to support a finding that Mr. Shack was terminated in retaliation for his workplace safety complaints; (3) the Court misapplied the standard for the cut-off of back pay; (4) Mr. Shack failed to mitigate his damages; and (5) Defendants are not subject to OSHA jurisdiction.³

  1. *Prior Rule 52 Findings*

With Rule 52's standards in mind, I dispense with arguments (2), (4), and (5) first and easily. Defendants argue (again) that Mr. Shack was terminated for a legitimate business reason. After the trial I reviewed all of the evidence and determined that the weight of the evidence supports the contrary conclusion: Mr. Shack was terminated in retaliation for his complaints (doc. 91 at 5-8). My post-trial Order details my findings (*Id.*). Defendants emphasize that they first advertised for the new faculty position on July 13, 2009, rather than July 14, 2009, as my Order states. This does not change my finding that Defendants were aware of Mr. Shack's complaints and knew he was the complainant. The School had notice on June 22, 2009 (three

---

² Under Rule 52, "[i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a). I have already done so as to Defendants' liability and the back pay calculation (doc. 91) and include additional findings here as to punitive damages.

³ I address Defendants' arguments regarding punitive damages in the next section.

weeks before Mr. Shack complained to OSHA), of Mr. Shack's concerns, because this is the date Mr. Shack gave his letter to the School through his supervisor, Joy Maloney. I have already detailed my findings in this regard, and I will not amend them. Also, Mr. Shack was the only employee restructured out of a position, and this restructuring occurred at a time inconsistent with the School's other layoffs. Defendants offer no new evidence, nor do they point to errors of law or fact that convince me Defendants would not have terminated Mr. Shack but for his protected activities.

Defendants also argue that Mr. Shack failed to mitigate his damages and, therefore, is not entitled to back pay. According to Defendants, Mr. Shack could have traveled around the country taking stagehand positions because those short-term jobs paid enough to justify the travel expenses. In my order, I reduced the back pay based on the wages Mr. Shack earned through mitigating his damages (doc. 91 at 10-11). Again, Defendants point to no errors of law or fact that persuade me to amend my findings in this regard.

Next, Defendants contend for the second time that they are not subject to OSHA's jurisdiction. I analyzed this issue exhaustively in my summary judgment order (doc. 57). Although I mentioned the issue was a close call, Defendants have not convinced me to revisit it.

The two remaining issues are whether the evidence related to the OSHA citation prejudiced the jury and whether the Court misapplied the cut-off date for calculating back pay. During the trial, after hearing argument from both sides, I denied Defendants' motion in limine regarding the OSHA citation. Under Federal Rule of Evidence 403, I found that the probative value of the evidence outweighed any prejudice it may create in the jurors' minds. The cases Defendants now cite to sway me otherwise do not. In *Hines v. Brandon Steel Decks, Inc.*, 754 F.

Supp. 199 (M.D. Ga. 1991), an OSHA investigator's conclusions regarding the cause of a workplace accident were excluded from the victim's family's wrongful death action due mainly to the report's untrustworthiness.  And in *Lathem v. Department of Children and Youth Services*, 172 F.3d 786 (11th Cir. 1999), the Eleventh Circuit upheld the trial court's refusal to admit an incomplete EEOC determination.  The *Lathem* court emphasized that the district court must make admissibility determinations on a individual basis, considering the evidence's probative value and the danger of unfair prejudice.  *Id*. at 791-92.  I did so.  Additionally, the jury's verdict was advisory; I issued my own findings of fact and conclusions of law based on an independent review of the evidence, including the OSHA citation.[4]

The next issue is the calculation of Mr. Shack's back pay.  Defendants contend that the School is not liable for back pay because it eliminated Mr. Shack's position to fund a full time faculty position and because one of the School's theaters was closed for renovations during the 2009-10 school year.  In other words, even in the absence of retaliation, the School would not have retained Mr. Shack in any capacity – his termination was inevitable.  This reasoning overlooks a key fact: even though Mr. Shack's position was eliminated in favor of a full time faculty position (a job he was not qualified for), this restructuring would not have occurred when it did but for Mr. Shack's OSHA complaints.  It is this unlawful act that they now claim limits Mr. Shack's back pay award.  As I stated in my order, this does not persuade me to cut off Mr. Shack's back pay calculation on the date the School hired a new teacher.  Defendants offered no evidence that Mr. Shack either was unqualified for another available position or that, for some

---

[4] In the next section, I address Defendants' argument that evidence of the OSHA citation unfairly prejudiced the jury in awarding and calculating punitive damages.

other reason, reassignment was not feasible.  Pursuant to Rule 52, I uphold my previous findings and deny Defendants' motion regarding their liability under the OSH Act.

### 2. *Punitive Damages Award*

Defendants next challenge the sufficiency of the evidence as to the punitive damages awards and the amount of the punitive damages awards.  Both parties appear to assume that the jury's findings were advisory as to liability and back pay but not as to punitive damages (*see* doc. 93 at fn 1; doc. 101, fn. 1).  This is incorrect; I consider the entire verdict advisory under Rule 39(c)(1).  And despite that Plaintiff sought the equitable remedy of back pay and the legal remedy of punitive damages, this does not change the fact that there is no federal right to a jury trial in an OSH Act case.  Thus, I am not constrained to follow the jury's findings as to punitive damages.  *See Newmann v. United States*, 938 F.2d 1258, 1259 (11th Cir. 1991) (trial court rejected advisory jury's findings, and Eleventh Circuit affirmed).  Accordingly, the jury's verdict was advisory; I am free to accept or reject their findings at my discretion.  *See* Wright & Miller, 9 Fed. Prac. & Proc. Civ. § 2335 (3d ed.); *Kinetic Concepts, Inc. v. Smith & Nephew, Inc.*, 688 F.3d 1342, 1357-58 (Fed. Cir. 2012) ("Under Rule 39(c)(1), when an 'advisory jury' is used, no jury findings – either explicit or implicit – are binding on the trial court and the court is obligated to make independent findings of fact and conclusions of law on the issue presented to the jury.").

Given that I did not memorialize my Rule 52 findings as to punitive damages in my prior order and instead awaited further briefing from the parties on the issue, this order supplements my previous Rule 52 findings.  The advisory jury awarded punitive damages in the amount of $100,000 against Dr. Jones and $20,000 against the School.  I reject the advisory jury's punitive damages award for the reasons set out below.

Punitive damages are not warranted here as there is no convincing evidence of Defendants' malice or reckless indifference as to Mr. Shack's federally-protected rights. A person acts with malice if his conduct is motivated by evil intent. *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535-36 (1999). A person acts with reckless indifference when he engages in conduct with a callous disregard for whether his conduct violates the federally-protected rights of another. *Id*. First, there is no evidence that Dr. Jones disregarded the health and safety of the School's students (despite Plaintiff's argument otherwise). On July 16, 2009, the fire marshal inspected the School's theater and found that there were no violations of the fire code. Although it was the School Board – not Dr. Jones – who first contacted the fire marshal about inspecting the School (*see* doc. 91 at 2-3), the inspection occurred within a week of Mr Shack filing his OSHA complaint, and Dr. Jones cooperated with the inspection (which did not uncover any violations of the state's fire code). Defendants relied on this in responding to the OSHA complaint on July 21, 2009. Plaintiff points out that Dr. Jones was aware of Mr. Shack's concerns about extension cords long before Mr. Shack filed his OSHA complaint. But the bottom line is that Dr. Jones and the School responded promptly to OSHA's complaint.[5]

Second, there is no convincing evidence that Defendants promoted or engaged in a discriminatory pattern or policy with respect to other employees. Mr. Shack's termination, while unlawful, was a single incident. Plaintiff emphasizes the testimony of Joy Maloney, a former teacher at the School, who recalled that during a staff meeting Dr. Jones was annoyed at Mr. Shack for his July 20 letter listing his safety concerns. This does not prove malice or evil intent;

---

[5] Defendants' argument that evidence of the OSHA citation prejudiced the jury into calculating punitive damages where none were warranted is moot; I agree that punitive damages are not warranted.

it proves annoyance.

Third, Dr. Jones insisted that OSHA did not apply to the School. He was wrong, but I noted the question of jurisdiction was a close call in my summary judgment order. Even Defendants' counsel was unclear on the issue until my ruling (and still maintains I decided the issue incorrectly). Dr. Jones's behavior is imprudent: he should have sought his counsel's advice right away on the topic rather than rely on layman's knowledge that OSHA does not apply to schools. But he did not act in reckless disregard for the truth, as required for punitive damages.

Finally, there is only one other retaliatory discharge case under the OSH Act where the court awarded the plaintiff punitive damages under the "all appropriate relief" language of Section 11(c). In *Reich v. Cambridgeport Air Systems, Inc.*, 26 F.3d 1187, 1195 (1st Cir. 1994), the First Circuit upheld the trial court's award of punitive damages equal to the amount of back pay due to the defendant's "consistently brash" behavior, both in and out of court. The court found that the defendant had fired the plaintiff as an example to other employees and, during trial, "supervised its witnesses" rather than passively observing them. *Id*. Punitive damages were also warranted because a Labor Department investigator testified that during his investigation into the employees' termination, the defendant offered him a case of wine in an attempt to influence the outcome of the case. In upholding the award, the *Cambridgeport* court reviewed the legislative history of the OSH Act and found that the term "all appropriate relief" conveyed on courts the power to award compensatory and punitive damages in a cause of action analogous to an intentional tort. *Id*. at 1194 (*quoting* 29 U.S.C. § 660(c)(2)). Here, the punitive to compensatory damages ratio suggested by the advisory jury is approximately 2:1, twice the ratio of *Cambridgeport Air Systems, Inc*. The defendant's conduct in *Cambridgeport Air*

*Systens, Inc.* was much more objectionable and reprehensible than that exhibited by Dr. Jones and the School. *Id.*

Keeping in mind that punitive damages are awarded solely to punish a defendant and deter future wrongdoing, I reject the advisory jury's findings as to punitive damages and reduce them to zero as to both Defendants.

C.  *Conclusion*

Defendants' renewed motion for judgment as a matter of law, or, alternatively, for new trial, and to alter the findings and judgment (doc. 93) is granted in part and denied in part. The Clerk of Court is directed to enter an amended judgment ordering Plaintiff to recover $0 in punitive damages from Defendant Charles Jones and $0 in punitive damages from Defendant Renaissance Arts and Education, Inc. Otherwise, the judgment remains unchanged. Defendants' motion to file a reply (doc. 102) is denied.

DONE and ORDERED in Tampa, Florida on February 3, 2014.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE